IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   Case No.   12- CR -42 (GTS)

UNITED STATES OF AMERICA

                                                                 GOVERNMENT'S SENTENCING
                                                                 MEMORANDUM

      v.

ALAIN FORGET,
        Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the defendant to a guidelines sentence.

## I

## INTRODUCTION

On February 28, 2012, the defendant entered a guilty plea to one count of conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The defendant is scheduled to be sentenced on

April 3, 2014.

## II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum Sentences**

The defendant's conviction for conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) subjects the defendant to a statutory maximum term of imprisonment of forty (40) years; a mandatory minimum sentence of five (5) years, a mandatory term of supervised release of at least four (4) years; and a fine of $5,000,000.  *See* 21 U.S.C. § 841(b)(1)(B).

**2.      Guideline Provisions**

   **a.      Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for conspiracy to possess with intent to distribute is 26.   See U.S.S.G. § 2D1.1.   The defendant's base offense level should be adjusted upward by 2, because he acted as a manager, supervisor or leader within the organization.  *See* U.S.S.G. § 3B1.1.   In addition, on September 15, 2010, the defendant led law enforcement on a high speed chase from the Saint Regis Mohawk Reservation to Malone, New York.   During the thirty mile chase, the defendant traveled at speeds near 150 miles an hour and endangered the lives of law enforcement officers, other motorists and the public at large.   As a result, his offense level should be further adjusted upward by 2.  *See* U.S.S.G. § 3C1.2.

   **b.      Acceptance of Responsibility**

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a).    The government moves for an

additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

  c. **Criminal History Category**

According to the presentence report, the defendant's criminal history category is I. The government agrees with the Probation Office's determination of the defendant's criminal history category.

  d. **Guidelines Range and Sentence**

As described above, the combined offense level is 21 and the criminal history category is I. This is consistent with the calculations in the presentence report.

As a result of the above-described calculations, absent any departures, the federal sentencing guidelines advise that the defendant receive a sentence of 70 to 87 months imprisonment; a fine of $12,500 to $5,000,000; and a supervised release term of at least four (4) years.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to a guideline sentence. The government believes a guideline sentence is appropriate for three reasons. First, the instant offense is serious. The defendant participated in a large scale drug trafficking organization designed to import thousands of pounds of marijuana into the United States and generated millions of dollars in drug proceeds.

During the course of the conspiracy, this organization has generated millions of dollars in drug proceeds and the defendant directly contributed to the overall success of the operation. Drug proceeds are often used to fund other illicit activity and the government has a substantial interest in dismantling international drug smuggling organizations. A guideline sentence will ensure the defendant understands the seriousness of her conduct and it will provide the defendant with a significant deterrent from engaging in future criminal activity.

Second, not only is the offense serious, but the defendant's role in the offense was significant. In addition to transporting loads of marijuana himself, the defendant also recruited others into the organization to transport marijuana on his behalf. Not only did the additional workers make the organization more efficient and productive, it also insulated the defendant and reduced his exposure to law enforcement scrutiny. The defendant encouraged others, who were not otherwise involved in illegal activity, to engage in criminal activity, so that he could make more money with less risk.

Finally, and most importantly, the government is troubled by the defendant's criminal history. Starting in 1988, the defendant has been convicted of at least thirteen separate criminal offenses, ranging from assault to breaking and entering to the illegal possession of tobacco and now drug trafficking. The defendant has also been sentenced on six occasions for failing to comply with court orders. Most recently, in December 2013, the defendant violated the Court's presentence release order when he was arrested for sale of a handgun. The defendant's most recent arrest is the most troubling. Despite the fact that the defendant was awaiting sentencing, knowing that the Court would consider his conduct while on presentence release, he still could not control himself and act as a law abiding citizen. The defendant's criminal history category of I greatly understates the defendant's overall criminal history. The defendant's criminal

history paints the picture of a career criminal, moving from one criminal endeavor to another. The defendant simply does not respect the law, which may stem from the fact that he has never faced severe consequences for his actions. Indeed, even though he has been sentenced at least nineteen times in the past twenty-six years, the defendant has only one sentence in excess of six months. A guideline sentence will ensure the defendant understands that his actions have consequences and that he must respect the law.

The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g.*, *Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Moreover, within-guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).[1]

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 13th day of March, 2014,

RICHARD S. HARTUNIAN
United States Attorney

By: */s/ Daniel C. Gardner*

Daniel C. Gardner
Assistant United States Attorney
Bar Roll No. 515333